**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| JEANNIE C. MONTEIRO,<br>Plaintiff,<br>v.<br>AMERIQUEST MORTGAGE COMPANY,<br>Defendant. | C.A. No. 06-353 S |

## ANSWER TO COMPLAINT

Defendant Ameriquest Mortgage Company ("Ameriquest"), by and through its undersigned attorneys, hereby answers the Complaint as follows.

Except as expressly admitted or denied herein below, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the allegations of each and every paragraph of the Complaint.

## INTRODUCTION

1. Paragraph 1 of the Complaint contains Plaintiff's characterization of this action to which no responsive pleading is required.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

3. Paragraph 3 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest does not contest the Court's subject matter jurisdiction over this matter.

**PARTIES**

4. Ameriquest lacks sufficient information to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.

5. Ameriquest states that it is a Delaware corporation with its principal place of business at 1100 Town & Country Road, Orange, California, 92868. Ameriquest denies the remaining allegations set forth in paragraph 5 of the Complaint.

6. Ameriquest admits that it makes residential mortgage loans, which are secured by real property and through which loans borrowers may finance the purchase of residential property or refinance their existing residential mortgage loans.

7. Paragraph 7 of the Complaint consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest admits that it is a creditor within the meaning of the Truth-In-Lending Act ("TILA").

8. Ameriquest denies the allegations set forth in paragraph 8 of the Complaint.

**FACTS**

9. Ameriquest admits that on or about April 16, 2004, Plaintiff became the obligor and mortgagor under a certain note and mortgage on property located at 125 Doyle Avenue, Providence, Rhode Island. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 9 of the Complaint.

10. Ameriquest admits that Plaintiff received or signed certain documents, including but not limited to, an Adjustable Rate Note in the principal amount of $204,000.00, a Mortgage, a Truth-In-Lending Disclosure Statement, two copies of a Notice of Right to Cancel, a One-Week Cancellation Period form and a HUD-1 Settlement Statement. Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10 of the Complaint.

11. Ameriquest admits that Plaintiff's mortgage loan was secured by Plaintiff's property located at 125 Doyle Avenue, Providence, Rhode Island and that the loan in question was not for purposes of the initial acquisition or construction of that property. The remaining allegations contained in paragraph 11 of the Complaint consist of legal conclusions to which no responsive pleading is required and the statutes and regulations referenced by Plaintiff speak for themselves as to their content. To the extent a further response is required, Ameriquest is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11 of the Complaint.

12. Ameriquest denies the allegations contained in paragraph 12 of the Complaint.

13. Ameriquest admits that it received the document, a copy of which is attached as Exhibit C to the Complaint and that the document speaks for itself as to its content. Ameriquest denies that the Plaintiff had an extended right to rescission and denies that her purported exercise of any such right is valid. Ameriquest denies the remaining allegations set forth in paragraph 13 of the Complaint.

**COUNT I – TRUTH-IN-LENDING ACT**

14. Ameriquest reavers and incorporates by reference as if fully set forth herein its responses to paragraphs 1-13 above.

15. Ameriquest denies the allegations set forth in paragraph 15 of the Complaint.

16. Ameriquest denies the allegations set forth in paragraph 16 of the Complaint.

17. Paragraph 17 consists of legal conclusions to which no responsive pleading is required. To the extent a further response may be required, Ameriquest states that the statute referenced in paragraph 17 speaks for itself as to its content.

18. Ameriquest denies the allegations set forth in paragraph 18 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted against Ameriquest.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred from recovering any relief by the doctrines of waiver, estoppel and ratification for any purported claim alleged in the Complaint,.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred or limited by the application of the doctrine of failure to mitigate damages.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statutes of limitation, by the application of the doctrine of laches, by the doctrine of equitable subrogation and by the application of unclean hands.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the applicable statute of frauds and/or the parol evidence role.

**SIXTH AFFIRMATIVE DEFENSE**

Any damages were the result of acts or omissions on the part of the Plaintiff or third parties, the actions of which Ameriquest is not responsible.

**SEVENTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act, 15 U.S.C. § 1635 et seq. are barred to the extent that any material acts or omissions were made in good faith in conformity with rules, regulations or interpretations of the Federal Reserve Board.

**EIGHTH AFFIRMATIVE DEFENSE**

Any claims by Plaintiff under the federal Truth-In-Lending Act., 15 U.S.C. § 635, et seq. are barred to the extent that the alleged violations were not intentional and resulted from a bona fide error notwithstanding the maintenance or procedures to avoid such error.

**NINTH AFFIRMATIVE DEFENSE**

Ameriquest is not liable for any claims by Plaintiff because Ameriquest's conduct and disclosures at all times complied, and were in good faith conformity, with all applicable contracts, laws and regulations.

**TENTH AFFIRMATIVE DEFENSE**

Ameriquest hereby gives notice that it intends to rely upon such other and further defenses as may become available during discovery proceedings in this case and hereby reserves its right to amend the Answer and assert such defenses.

WHEREFORE, Defendant Ameriquest Mortgage Company respectfully requests that the Court:

(i) Enter judgment in its favor on all counts of the Complaint;

(ii) Dismiss the Complaint with prejudice;

(iii) Award Ameriquest its costs and expenses, including attorneys' fees, incurred in this action.

(iv) Grant such other relief as to the Court seems meet and just.

**COUNTERCLAIM**

Pursuant to Rule 13(e) of the Federal Rules of Civil Procedure, the Defendant/Counterclaimant, Ameriquest Mortgage Company ("Ameriquest") hereby brings this counterclaim against Plaintiff/Defendant-in-Counterclaim, Jeannie C. Monteiro ("Monteiro" or "Plaintiff"), and states:

1. Ameriquest is a Delaware corporation with its principal place of business in California and is qualified to do business in Rhode Island.

2. Upon information and belief, Plaintiff resides in Providence, Rhode Island.

3. On or about August 4, 2003, Plaintiff obtained a residential mortgage loan from Ameriquest in connection with property located at 125 Doyle Avenue, Providence, Rhode Island.

4. On or about July 31, 2006, Plaintiff sent Ameriquest a letter purporting to rescind her mortgage loan transaction pursuant to 15 U.S.C. § 1635, Regulation Z, § 226.23.

5. On or about August 15, 2006, Plaintiff filed suit against Ameriquest alleging that Ameriquest had failed to adequately indicate the date by which Plaintiff's rescission period expired in connection with the subject loan.

6. Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff is not entitled to rescind her loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

**COUNT I – DELCARATORY JUDGMENT PURSUANT TO DECLARATORY JUDGMENT ACT, 28 U.S.C. § 2201**

7. Ameriquest repeats and realleges the allegations set forth in paragraphs 1-6 above.

8. By virtue of Plaintiff's letter of July 31, 2006, an actual controversy has arisen and exists between Ameriquest and Plaintiff regarding whether she has a right to rescind the subject loan under 15 U.S.C. § 1635, Regulation Z, § 226.23.

9. Plaintiff alleges that Ameriquest violated 15 U.S.C. § 1635, Regulation Z, § 226.23 by failing to disclose adequately the date by which Plaintiff's right to rescind on the Notice of Right to Cancel, which allegation Ameriquest denies.

10. Ameriquest has provided Plaintiff with all required disclosures with respect to the subject loan, and Plaintiff has no basis for rescission of the loan.

11. Ameriquest hereby seeks a declaration of the rights, duties and liabilities of the parties with respect to Plaintiff's letter of rescission of her loan, including, without limitation, a declaration that Plaintiff is not entitled to rescind the subject loan.

**RELIEF REQUESTED**

WHEREFORE, Defendant/Counterclaimant Ameriquest Mortgage Company respectfully requests that the Court:

A. Enter a declaration that Plaintiff is not entitled to rescind her mortgage loan with Ameriquest and that, alternatively, any such rescission should require a mutual exchange of monies and property by the parties through escrow.

B. Award such additional relief as the Court may deem just and proper.

Respectfully submitted,

AMERIQUEST MORTGAGE COMPANY

By Its Attorneys,

PARTRIDGE SNOW & HAHN LLP

/s/ Steven E. Snow

Steven E. Snow (#1774) (ses@psh.com)
Carolyn P. Medina (#7109) (cpm@psh.com)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX

DATED: September 28, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of September, 2006, the foregoing ANSWER TO COMPLAINT was electronically filed with the Clerk of the United States District Court for the District of Rhode Island and is available for viewing and downloading to the following ECF registered counsel of record:

Christopher M. Lefebvre
Claude Lefebvre

/s/ Steven E. Snow

878042_1/7511-31